UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHREEDEVI VORA,

                              Plaintiff,

          - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION, KRISTIN ERICKSON,
Principal of Manhattan Comprehensive Night
and Day High School, and PAUL
ROTONDO, Superintendent of Transfer High
School,

                              Defendants.

**ORDER**

22 Civ. 10891 (PGG) (SDA)

PAUL G. GARDEPHE, U.S.D.J.:

             Pro se Plaintiff Shreedevi Vora is a teacher at the Manhattan Comprehensive

Night and Day High School (the "School") and alleges that she was subjected to discrimination

based on her race, national origin, and disability, and suffered retaliation after complaining about

the unlawful discrimination.  (Cmplt. Addendum (Dkt. No. 1) ¶¶ 1, 27)[1] Vora asserts claims

against the New York City Department of Education (the "DOE"), Kristen Erickson – the

School's principal – and Paul Rotondo – superintendent of the New York Citywide Transfer

High Schools – for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et

seq. ("Title VII"); 42 U.S.C. § 1981; the New York State Human Rights Law, N.Y. Exec. L.

§ 290 et seq. (the "NYSHRL"); the New York City Human Rights Law, N.Y.C. Admin. Code

§ 8-101 et seq. (the "NYCHRL"); the Americans with Disabilities Act of 1990, 42 U.S.C. §

_____

[1]  The page numbers of documents referenced in this order correspond to the page numbers
designated by this District's Electronic Case Files ("ECF") system.

12101 et seq. (the "ADA"); and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. (the "Rehabilitation Act").

On April 21, 2023, Defendants moved to dismiss for failure to state a claim. (Dkt. Nos. 14, 28)  This Court referred Defendants' motions to Magistrate Judge Stewart D. Aaron for a Report and Recommendation ("R&R").  (Referral Order (Dkt. No. 18))  In a January 24, 2024 R&R, Judge Aaron recommends that Defendants' motions to dismiss be granted, with leave to move to amend as to certain of Vora's claims.  (See R&R (Dkt. No. 43) at 40)

Vora objects to the R&R to the extent that Judge Aaron recommends that her discrimination and retaliation claims be dismissed.  (Pltf. Obj. (Dkt. No. 44))

For the reasons stated below, Vora's objections will be overruled, the R&R will be adopted in its entirety, and Defendants' motion to dismiss will be granted.

## BACKGROUND

### I.    FACTS[2]

Plaintiff Vora is "South Asian Indian" and was "diagnosed with generalized anxiety disorder" in 2014.  (Cmplt. Addendum (Dkt. No. 1) ¶ 2)  She has been employed by DOE since 2003, and has taught biology at the School since 2008.  (Id. ¶ 1)

---

[2]  The Court's factual statement is drawn from the Complaint and exhibits attached to the Complaint.  The Complaint's factual allegations are presumed to be true for purposes of resolving the motion to dismiss.  Because the parties have not objected to Judge Aaron's recitation of the alleged facts, the Court adopts the R&R's factual statement.  See Hafford v. Aetna Life Ins. Co., No. 16-CV-4425 (VEC) (SN), 2017 WL 4083580, at *1 (S.D.N.Y. Sept. 13, 2017) ("The parties do not object to the Magistrate Judge's . . . recitation of the facts of this case, and the Court adopts them in full.").

On a motion to dismiss, a court is generally confined to "the allegations contained within the four corners of the complaint."  Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998).  However, in light of Plaintiff's pro se status, and given that Defendants have not objected to new factual allegations set forth in Plaintiff's opposition brief, this Court has considered those factual allegations.  See Torrico v. Int'l Bus. Machines Corp., 213 F. Supp. 2d 390, 400 n.4

Vora states that she is an effective teacher, and had "always" received "satisfactory or effective overall [ratings] every year of [her] teaching prior to Kristen Erickson becoming Acting Principal [or] Principal."  (Id. ¶ 3)

Since Defendant Erickson arrived at the School, Plaintiff has been "harassed and discriminated against based on [her] race [and] national origin," and "retaliat[ed]" against.  (Id. ¶ 27)  The Complaint includes the following allegations of discrimination:

(1) On February 2020, then-Assistant Principal Erickson "unfairly targeted [Vora] and filed corporal punishment allegations [against her]," which "were ultimately dismissed by the DOE [as] unfounded." (Id. ¶ 4)

(2) On October 26, 2020, Principal Erickson observed Plaintiff in the classroom and "rated [her as] mostly ineffective." (Id. ¶ 5)  Vora co-taught the class with a "white" colleague, who "received positive ratings." (Id. ¶¶ 5, 27)  Before the classroom observation, Vora's colleague was ill for three weeks, which "prevented him from speaking. . . ." (Id. ¶ 12)  After Vora's colleague recovered, they "agreed that it would make sense for [her colleague] to lead the class," given his three-week absence.  (Id.)  Although Vora explained to Principal Erickson that she "was not meant to teach [on the day Erickson came to observe the class]," Erickson "insisted that she would write the report rating [Vora as] 'ineffective' in most domains." (Id. ¶¶ 5, 6, 18)

(3) Special Education Assistant Principal Raquel Hernandez "yelled at [Vora] in front of students during a [High School R]egents exam." (Id. ¶ 7; see also New York State Division of Human Rights ("NYSDHR") Cmplt. (Dkt. No. 1) at 17)

(4) After the October 26, 2020 classroom observation, Assistant Principal Hernandez pressured Vora to meet every week during Vora's two free periods to discuss teaching "strategies." (Cmplt. Addendum (Dkt. No. 1) ¶ 8)

(5) Assistant Principal Hernandez "constantly email[ed]" Vora with teaching recommendations, which made Vora "feel[] pressured, anxious[,] and stressed to do things that seemed out of the bounds of what professional ethics require." (Id.)

---

(S.D.N.Y. 2002) (considering facts alleged in pro se litigant's opposition to defendant's motion to dismiss and related filings); Agbor v. Presidency of Republic of Equatorial Guinea, No. 18-CV-8611 (PAE) (RWL), 2021 WL 3914455, at *4 (S.D.N.Y. Aug. 16, 2021), report and recommendation adopted, No. 18 Civ. 8611 (PAE), 2021 WL 3913525 (S.D.N.Y. Sept. 1, 2021) (same).

(6) On December 16, 2021, Assistant Principal Hernandez sent Vora a "sarcastic and hostile response" to Vora's sick leave request, copying "all the other administrators in the [S]chool." (Id. ¶ 12)

(7) Principal Erickson, Superintendent Rotondo, and other individuals "subjected" Vora to an "Education Law [S]ection 2568 medical evaluation for [her] mental fitness." (Id. ¶ 23)

(8) The School "administrat[ors]" "revoked" Vora's "disability accommodation." (Id. ¶ 27) The accommodation – which provided that Vora would "be supervised by [the Assistant Principal of Math and Science]" – was granted by Superintendent Rotondo on March 4, 2022, in part "based on a letter from [Vora's] psychiatrist." (Id. ¶ 20) "Shortly [there]after," Principal Erickson "put [another administrator] in charge of supervising [Vora]." (Id. ¶¶ 21, 24, 27).

Vora also contends that she suffered retaliation after she (1) "sp[o]ke[] out at a [teachers] union meeting" on October 22, 2021 (id. ¶¶ 15-16); (2) "voic[ed her] opinions on school safety protocols related to COVID" in September 2021 (id. ¶¶ 14, 16); (3) sent letters to Superintendent Rotondo on January 6, 2022, and February 28, 2022, concerning the October 26, 2020 classroom observation and requested a reasonable accommodation related to her anxiety condition (id. ¶¶ 17, 19-20); and (4) sent an email to the School administrators on March 23, 2022, expressing her "concern[s] that a fifth administrator had been hired at [the School]," "that academic departments in the [S]chool had been eliminated," and that "the [S]chool had been reorganized suddenly and non-transparently." (Id. ¶ 22)

Vora claims that she suffered the following adverse employment actions: (1) Principal Erickson rated Vora's performance as "mostly ineffective" at the October 26, 2020 classroom observation, despite Vora "consistently receiv[ing]" higher ratings at prior observations and despite her "white co-teacher" receiving positive ratings (id. ¶¶ 3, 5-6, 27); (2) Principal Erickson revoked Vora's disability accommodation (id. ¶ 27); (3) Principal Erickson "did not acknowledge" Vora's June 22, 2022 application for a Dean position (id. ¶ 26); (4) Principal Erickson accused Vora of subjecting students to "corporal punishment" in February

2020 (id. ¶ 4); and (5) Principal Erickson and Assistant Principal Hernandez sent "sarcastic and hostile response[s]" to Vora's requests for sick leave and for precautions related to COVID-19. (Id. ¶¶ 12, 14)

Vora appealed her observation performance rating of "mostly ineffective" to Superintendent Rotondo on January 6, 2022.  (Id. ¶¶ 5, 17)  The rating was removed on January 19, 2022, because of procedural defects.  (Id. ¶¶ 11, 18)

The Complaint further alleges that another "teacher of color" at the School was "summoned . . . to a disciplinary conference" for actions that merely "warranted conversation not punishment."  (Id. ¶ 4)

## II.   PROCEDURAL HISTORY

### A.   Administrative Proceedings and the Complaint

On June 10, 2022, Vora filed a charge of discrimination with the New York State Division of Human Rights, which accepted the charge on behalf of the United States Equal Employment Opportunity Commission (the "EEOC").  (See NYSDHR Cmplt. (Dkt. No. 1) at 14-21)  On November 2, 2022, Vora received a right to sue letter from the EEOC.  (Id. at 14)

The Complaint was filed on December 24, 2022, and names the DOE, Principal Erickson, and Superintendent Rotondo as Defendants.  The Complaint includes claims for (1) hostile work environment and disparate treatment based on Vora's race and national origin, and retaliation, in violation of Section 1981, Title VII, the NYSHRL, and the NYCHRL; and (2) failure to accommodate and hostile work environment based on Vora's disability, and retaliation, in violation of the ADA and the Rehabilitation Act.

**B.**     <u>**Motion to Dismiss and the R&R**</u>

Defendants moved to dismiss all of Vora's claims, and this Court referred Defendants' motion to Magistrate Judge Aaron for an R&R.  (DOE Mot. (Dkt. No. 14); Individual Def. Mot. (Dkt. No. 28); Referral Order (Dkt. No. 18))

On January 24, 2024, Judge Aaron issued a thorough, forty-page R&R recommending that the Defendants' motion to dismiss be granted, with leave to amend as to certain of Plaintiff's claims.  (<u>See</u> R&R (Dkt. No. 43) at 40)

Noting that Title VII, the ADA, and the Rehabilitation Act do not impose liability on individuals, Judge Aaron recommends that Plaintiff's claims against Principal Erickson and Superintendent Rotondo under these statutes be dismissed with prejudice.  (<u>Id.</u> at 11, 39)

As to Vora's Section 1981 claim against the DOE, and against Principal Erickson and Superintendent Rotondo in their official capacities, Judge Aaron recommends that this claim be dismissed with leave to amend, because Vora "has not identified a municipal policy, custom[,] or practice that allegedly caused the discrimination."  (<u>Id.</u> at 11)

Judge Aaron further recommends that Plaintiff's discrimination claims under (1) Title VII, as against the DOE; (2) Section 1981, as against Principal Erickson and Superintendent Rotondo in their individual capacities; and (3) the NYSHRL and the NYCHRL against all Defendants be dismissed with leave to amend.  Judge Aaron concludes that the Complaint does not plead facts linking the alleged adverse employment actions to Vora's race or South Asian national origin.  (<u>Id.</u> at 15-16, 20, 22-23, 37-38)  As to Plaintiff's discrimination claims under the ADA and the Rehabilitation Act against the DOE, Judge Aaron recommends that they be dismissed, because the Complaint does not adequately allege that Vora has a "disability" within the meaning of the ADA.  (<u>Id.</u> at 28)

Judge Aaron also recommends that Vora's retaliation claims be dismissed, with leave to amend, because the Complaint does not allege that Vora engaged in any protected activity known to Defendants.  (Id. at 24, 29-30, 38-39)

The R&R notifies the parties that they "have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure."  (Id. at 40)  The R&R further states that a "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review."  (Id.) (emphasis omitted) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985))

On January 26, 2024, the Clerk of Court mailed the R&R to Vora.  (Jan. 26, 2024 Minute Entry (Docket Report for 22 Civ. 10891))

**C.    Plaintiff's Objections**

Vora filed objections to the R&R on February 8, 2024.  (Pltf. Obj. (Dkt. No. 44))

As to her discrimination claims, Vora argues that Judge Aaron errs in finding that she has not pled "sufficient facts to survive Defendants' motion[s] to dismiss."  (Id. at 8-13) According to Plaintiff, she need only allege that her "white" "co-teacher[s]" were "subject to the same performance evaluation standards," but "were treated differently than [she] was."  (Id. at 11, 14)  In this regard, Vora notes that the Complaint alleges that she "was rated poorly [at a classroom observation], even though [she] created the lesson plan," while her "white" colleague "received positive ratings."  (Id. at 12)

Vora also objects to Judge Aaron finding that she has not pled a "disability" under the ADA and the Rehabilitation Act.  In this regard, Vora notes that the Complaint asserts that she "fe[lt] pressured, anxious, and stressed."  (Id. at 17)

Vora also says that Judge Aaron errs in finding that "'[her] denial of the [d]ean position would not fall within the investigation that would reasonably result from [her NYSDHR complaint].'"  (Id. at 8-9) (quoting R&R (Dkt. No. 43) at 18)  According to Vora, her claim is not procedurally barred because she "refer[red] to being overlooked for compensation time positions in [her NYSDHR complaint]."  (Id. at 9)

As to her retaliation claims, Vora argues that she alleged sufficient facts "support[ing] a casual relationship between [her] protected activities and the [Defendants'] retaliatory action[s]."  (Id. at 16)

Vora has not objected to the R&R to the extent Judge Aaron recommends dismissal of her (1) Title VII, ADA, and Rehabilitation Act claims against Principal Erickson and Superintendent Rotondo; (2) Section 1981/Section 1983 claim against the DOE and Principal Erickson and Superintendent Rotondo in their official capacities; (3) NYSHRL and NYCHRL claims against the DOE and Superintendent Rotondo to the extent that she has not pled compliance with the notice of claim statute, N.Y. Educ. Law § 3813; (4) NYSHRL claims against the DOE and Superintendent Rotondo to the extent that they rely on acts that took place before August 8, 2021; (5) NYCHRL claims against the DOE and Superintendent Rotondo to the extent that they rely on discrete discriminatory acts that took place before December 24, 2021.

Defendants contend that the R&R should be adopted in its entirety.  (Def. Opp. (Dkt. No. 47) at 20)

## DISCUSSION

I.   **LEGAL STANDARDS**

     A.   **Review of a Report and Recommendation**

       A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to a magistrate judge's recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

       However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'" Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting Vega v. Artuz, No. 97 Civ. 3775 (LTS) (JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)).  "To the extent . . . that the [objecting] party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865 (LTS) (GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008).

       Although "[t]he objections of parties appearing pro se are generally accorded leniency and should be construed to raise the strongest arguments that they suggest . . . [,] even a pro se party's objections to a[n] [R&R] must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (citations and quotation marks omitted).

For portions of the R&R to which no objection is made, a court's review is limited to a consideration of whether there is any "clear error on the face of the record" that precludes acceptance of the recommendations. Wingate v. Bloomberg, No. 11-CV-188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (citation and quotation marks omitted).

### B.   Rule 12(b)(6) Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In considering a motion to dismiss[,] . . . the court is to accept as true all facts alleged in the complaint," and must "draw all reasonable inferences in favor of the plaintiff." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007). A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief]." Iqbal, 556 U.S. at 678.

In resolving a motion to dismiss, a court may "consider . . . the complaint and any documents attached thereto or incorporated by reference and documents upon which the complaint relies heavily." Bldg. Indus. Elec. Contractors Ass'n v. City of N.Y., 678 F.3d 184, 187 (2d Cir. 2012) (citation and quotation marks omitted).

A "pro se complaint . . . [is] interpret[ed] . . . to raise the 'strongest [claims] that [it] suggest[s].'" Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quoting Triestman v. Fed.

Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)).  "However, although pro

se filings are read liberally and must be interpreted 'to raise the strongest arguments that they

suggest,' a pro se complaint must still 'plead sufficient facts to state a claim to relief that is

plausible on its face.'"  Wilder v. U.S. Dep't of Veterans Affairs, 175 F. Supp. 3d 82, 87

(S.D.N.Y. 2016) (citations omitted).  Moreover, "the court need not accept as true 'conclusions

of law or unwarranted deductions of fact,'" Whitfield v. O'Connell, No. 09 Civ. 1925 (WHP),

2010 WL 1010060, at *4 (S.D.N.Y. Mar. 18, 2010) (quoting First Nationwide Bank v. Gelt

Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994)), and "'[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice,'" even where a

plaintiff is proceeding pro se.  Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556

U.S. at 678).

## II.    ANALYSIS

### A.    Standard of Review for Plaintiff's Objections

In arguing that Judge Aaron errs as to certain of her discrimination and retaliation

claims, Plaintiff merely repeats arguments that she made in her original opposition to

Defendants' motion.  (Compare Pltf. Obj. (Dkt. No. 44) at 8-18 with Pltf. MTD Opp. (Dkt. No.

36) at 23-34)  Accordingly, this Court will review the R&R – including those portions of the

R&R that Vora has objected to – only for clear error.  See DiPilato, 662 F. Supp. 2d at 339.

### B.    Discrimination Claims

Vora's discrimination claims – whether brought under Title VII, Section 1981, the

NYSHRL, the NYCHRL, the ADA, or the Rehabilitation Act – are subject to the burden-shifting

framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973).  See

Kovaco v. Rockbestos-Surprenant Cable Corp., 834 F.3d 128, 136 (2d Cir. 2016).  For her

discrimination claims to survive a motion to dismiss, Vora must plead facts showing "'(1) that

[s]he belonged to a protected class; (2) that [s]he was qualified for the position [s]he held; (3) that [s]he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent.'" Sassaman v. Gamache, 566 F.3d 307, 312 (2d Cir. 2009) (quoting Holcomb v. Iona Coll., 521 F.3d 130, 137 (2d Cir. 2008)); see also McMillan v. City of New York, 711 F.3d 120, 125 (2d Cir. 2013) (analyzing ADA discrimination claims under the McDonnell Douglass framework); Dabney v. Christmas Tree Shops, 958 F. Supp. 2d 439, 450 n.11 (S.D.N.Y. 2013) (applying the same framework to Title VII and the NYSHRL claims); Pachecho v. N.Y. Presbyterian Hosp., 593 F. Supp. 2d 599, 629 (S.D.N.Y. 2009) (applying the same framework to a Section 1981 claim and concluding that a failure to adequately plead a Title VII claim is "equally fatal" for purposes of a Section 1981 claim); Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 95 (2d Cir. 1999) (applying the McDonnell Douglas burden-shifting framework to NYSHRL and NYCHRL race discrimination claims).

Judge Aaron concludes that – even construing the Complaint liberally and interpreting the allegations to raise the strongest arguments they suggest – Vora has failed to plausibly allege discrimination based on disparate treatment or hostile work environment.  (R&R (Dkt. No. 43) at 16-17, 20, 22-23, 37-38)  See Harris, 572 F.3d at 71-72 (applying Twombly and Iqbal to pro se complaint).  This Court sees no clear error in that conclusion.

**1.      Section 1981, Title VII, NYSHRL, and NYCHRL Discrimination Claims**

Judge Aaron recommends that Plaintiff's (1) Title VII claims against the DOE; (2) Sections 1983 claims against Principal Erickson and Superintendent in their individual

capacities;[3] and (3) NYSHRL and NYCHRL claims against all Defendants be dismissed with leave to amend.

The Complaint – liberally construed – alleges that Vora suffered disparate treatment based on her race and national origin as a result of (1) being denied professional development and training; (2) a negative review following the October 26, 2021 classroom observation; (3) her application for a dean position not being acknowledged; and (4) Principal Erickson's February 2020 accusation that she had subjected students to corporal punishment. (Cmplt. Addendum (Dkt. No. 1) ¶¶ 3-6, 12-14, 26-27)  Vora also alleges that the individual Defendants subjected her to a hostile work environment based on her race and national origin.

Judge Aaron concludes that the Complaint does not plead facts that give rise to an inference that Defendants acted with discriminatory intent.  While Plaintiff points to various alleged adverse employment actions she experienced, the Complaint does not plead facts that give rise to an inference that those actions occurred because of Vora's race or South Asian national origin.  See Gregory v. Daly, 243 F.3d 687, 692 (2d Cir. 2001) (noting that a plaintiff must allege a "'reason to suspect that [an alleged adverse employment action] had anything to do with [plaintiff's] race'") (quoting Yusuf v. Vassar College, 35 F.3d 709, 714 (2d Cir. 1994); El v.

---

[3]  While Vora alleges a Section 1981 claim (see Cmplt. (Dkt. No. 1) at 4), there is "no[] . . . private right of action against state actors" under Section 1981.  Duplan v. City of New York, 888 F.3d 612, 621 (2d Cir. 2018).  Accordingly, Judge Aaron "construe[s] Plaintiff's [Section 1981 claim] as arising under [Section] 1983," and considers whether her claims against Principal Erickson and Superintendent Rotondo in their individual capacities are sufficiently pled under Section 1983.  (R&R (Dkt. No. 43) at 9-10 ("The Second Circuit has made clear that 'plaintiffs need not invoke [Section] 1983 expressly in order to state a claim [under Section 1981], so long as they plead facts that plausibly indicate liability.'") (quoting Quinones v. City of Binghamton, 997 F.3d 461, 468 n.4 (2d Cir. 2021))  Judge Aaron recommends that "Plaintiff be given leave to amend to add a citation to [Section] 1983."  (Id. at 10)  This Court finds no clear error in Judge Aaron's analysis, and throughout this opinion refers to Vora's Section 1981 claim as a Section 1983 claim.

Vesid Org. Queens Access, No. 11 Civ. 3228 (BMC) (RLM), 2011 WL 5858157, at *2
(E.D.N.Y. Nov. 21, 2011) ("[U]nder Iqbal and Twombly, plaintiff must allege facts from which
it could be plausibly inferred that [s]he was discriminated against because of [her] race; the mere
fact that [s]he is a member of a minority group and something happens to [her] that [s]he does
not like is not nearly sufficient.").

       While Plaintiff states that she "believe[s] [she has been] harassed and
discriminated against," and that Defendants' actions are "based on [her] race [and] national
origin" (Cmplt. Addendum (Dkt. No. 1) ¶ 27), "even the most sincerely held beliefs" –
unsupported by facts giving rise to an inference of discriminatory intent – "do not comprise a
sufficient basis for withstanding a 12(b)(6) attack." Williams v. Wellness Med. Care, P.C., No.
11-CV-5566 (KMK), 2013 WL 5420985, at *6 (S.D.N.Y. Sept. 27, 2013); see also Littlejohn v.
City of New York, 795 F.3d 297, 311 (2d Cir. 2015) (noting, in order to survive a motion to
dismiss, a complaint must allege facts that "give plausible support to a minimal inference of
discriminatory motivation").

       Plaintiff alleges that her "white co-teacher" received more favorable treatment,
because he was "never held accountable for his duties in the classroom" and was not instructed
to use a particular "format" for sick-leave emails.  (Cmplt. Addendum (Dkt. No. 1) ¶¶ 12, 27)
While "[a]t the pleadings stage[] a plaintiff may . . . allege disparate treatment by pleading 'the
more favorable treatment of employees not in the protected group,'" Farsetta v. Dep't of
Veterans Affs., No. 16-CV-6124 (DLC), 2017 WL 3669561, at *5 (S.D.N.Y. Aug. 24, 2017)
(quoting Littlejohn, 785 F.3d at 312), a plaintiff making such a claim "must allege that 'she was
similarly situated in all material respects to the individual[] with whom she seeks to compare

herself.'" Brown v. Daikin Am. Inc., 756 F.3d 219, 230 (2d Cir. 2014) (quoting Graham v. Long

Island R.R., 230 F.3d 34, 39 (2d Cir. 2000)).  Plaintiff has made no such showing here.

        The only facts pled in the Complaint that are relevant to the "similarly situated"

inquiry are that (1) Plaintiff and her colleague co-teach a class (Cmplt. Addendum (Dkt. No. 1) ¶

5); (2) they were "observed and rated" by Principal Erickson on October 26, 2020 "at the same

time" (id. ¶ 11); and (3) they used a "similar format" in seeking sick leave by email before

December 16, 2021.  (Id. ¶ 12).  These facts are not sufficient to demonstrate that Plaintiff and

her co-teacher are similarly situated.  See Cooper v. Templeton, 629 F. Supp. 3d 223, 232

(S.D.N.Y. 2022), aff'd sub nom. Cooper v. Franklin Templeton Invs., No. 22-2763, 2023 WL

3882977 (2d Cir. June 8, 2023) (dismissing Section 1983 claim where plaintiff did not plead

adequate facts that she and three comparators were similarly situated "in terms of position,

seniority, job responsibilities, business unit, performance, [and] length of experience")

(collecting cases); Brightman v. Physician Affiliate Grp. of New York, P.C., No. 20-CV-4290

(DLC), 2021 WL 1999466, at *7 (S.D.N.Y. May 19, 2021) (dismissing Title VII claim where

plaintiff alleged that (1) she suffered an adverse employment action; and (2) "a male colleague,

who was similarly situated in some respects but may or may not have been similarly situated in

other material respects, did not"; concluding that plaintiff's allegations were insufficient to

"allow for a reasonable inference that the defendant is liable for the misconduct alleged")

(internal citations and quotation marks omitted).

        Even under the broader standards applicable under the NYSHRL and the

NYCHRL,[4] Plaintiff has not pled facts sufficient to plausibly allege that she was treated "less

---

[4]  In August 2019, the NYSHRL was amended to provide that it "shall be construed liberally for
the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights
laws, including those laws with provisions worded comparably to the provisions of [the

well" because of her race or national origin. <u>Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.</u>,
715 F.3d 102, 109 (2d Cir. 2013); <u>see also</u> <u>Nnebe v. City of New York</u>, No. 22 Civ. 3860 (VEC)
(SLC), 2023 WL 2393920, at *14 (S.D.N.Y. Jan. 30, 2023) (dismissing NYCHRL discrimination
claim because plaintiff "does not claim that the alleged [white] comparators engaged in conduct
of comparable seriousness"), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u>, No. 22-CV-3860 (VEC), 2023
WL 2088526 (S.D.N.Y. Feb. 17, 2023); <u>see</u> <u>also</u> <u>Sutter v. Dibello</u>, No. 18 Civ. 817 (ADS)
(AKT), 2019 WL 4195303, at *21 (E.D.N.Y. Aug. 12, 2019) (dismissing NYCHRL
discrimination claim where amended complaint "contains no averments beyond conclusory
allegations that Plaintiff was treated les[s] well because of her [protected status]"), <u>report</u> <u>and</u>
<u>recommendation</u> <u>adopted</u>, 2019 WL 4193431 (E.D.N.Y. Sept. 4, 2019); <u>Lettieri v. Anti-</u>
<u>Defamation League Found.</u>, No. 22 Civ. 9889 (PAE), 2023 WL 5152447, at *9 (S.D.N.Y. Aug.
10, 2023) (dismissing NYCHRL hostile work environment and discrimination claims because "at
no point does the [complaint] allege that [defendant supervisor] referenced [plaintiff's] or anyone
else's race, let alone that she did so in a manner suggestive of an intent to discriminate on that
basis").

---

NYSHRL], have been so construed." N.Y. Exec. Law § 300. "Courts have concluded that the
effective date of N.Y. Exec. Law § 300 is either August 12, 2019 (the signing date) or October
11, 2019 (the date other parts of the omnibus bill containing the amendment take effect)."
<u>Brown v. Montefiore Med. Ctr.</u>, No. 18 Civ. 3861 (PGG) (KHP), 2023 WL 4763832, at *8 n.6
(S.D.N.Y. July 25, 2023) (collecting cases).

For claims that accrued after this amendment went into effect, <u>see</u> S. 6577, 242d Leg. § 16(d)
(N.Y. 2019), "'the standard for [NYSHRL discrimination] claims [is] closer to the standard of
the NYCHRL.'" <u>Edelman v. NYU Langone Health Sys.</u>, No. 21 Civ. 502 (LGS), 2022 WL
4537972, at *14 (S.D.N.Y. Sept. 28, 2022) (second alteration in original) (quoting <u>Livingston v.</u>
<u>City of New York</u>, 563 F. Supp. 3d 201, 232 n.14 (S.D.N.Y. 2021)). Given that Plaintiff's
discrimination and retaliation claims are premised on conduct that took place between February
2020 and June 2022 (<u>see</u> Cmplt. Addendum (Dkt. No. 1-1) ¶¶ 4-27), her NYSHRL claims are
subject to the same standard as her NYCHRL claims.

Judge Aaron further concludes that – to the extent that Plaintiff alleges that she was denied a promotion based on her race or South Asian origin[5] – she has not exhausted her administrative remedies.  Under Title VII, a plaintiff "must first present 'the claims forming the basis of such a suit . . . in a complaint to the EEOC or the equivalent state agency,'" or base her lawsuit on conduct "'reasonably related to [a] claim filed with the agency.'"  Littlejohn, 795 F.3d at 322 (quoting Williams v. N.Y.C. Housing Auth., 458 F.3d 67, 69-70 (2d Cir. 2006)); see also 42 U.S.C. § 2000e-5.

In Vora's June 20, 2022 New York State Division of Human Rights ("NYSDHR") complaint, Vora states that she "would accept . . . a compensation time position of dean that [she is] going to apply for" in "[s]ettlement [or c]onciliation."  (Cmplt. (Dkt. No. 1) at 21; see id. at 6)  But Vora's NYSDHR complaint does not allege that she actually applied for the dean position, or that the Defendants did not promote Vora to the dean position.  Accordingly, any claim by Vora that Defendants failed to promote her to the dean position is procedurally barred, see Williams v. New York City Hous. Auth., 458 F.3d 67, 69 (2d Cir. 2006), because any such claim does not "'fall within the scope of the [NYSDHR] investigation which can reasonably be expected to grow out of'" the allegations in Vora's NYSDHR complaint.  Littlejohn, 795 F.3d at 322 (quoting Deravin v. Kerik, 335 F.3d 195, 200-01 (2d Cir. 2003)).

This Court finds no error in Judge Aaron's analysis, and will adopt his recommendations concerning Plaintiff's Section 1983, Title VII, NYSHRL, and NYCHRL discrimination claims.

---

[5]  In the "statement of claim" section of Plaintiff's form discrimination complaint, she did not check off the box for "did not promote me."  (Cmplt. (Dkt. No. 1) at 5)

### 2.   ADA and Rehabilitation Act Claims

The Complaint alleges ADA and Rehabilitation Act claims against the DOE for

hostile work environment and a failure to accommodate Plaintiff's generalized anxiety disorder.

Judge Aaron likewise recommends that these claims be dismissed, with leave to amend.

As to Vora's anxiety disorder, she complained to Principal Erickson and Assistant

Principal Hernandez that Hernandez's "constant emails" were causing her "a lot of anxiety."

(Cmplt. Addendum (Dkt. No. 1) ¶ 8)  As a reasonable accommodation, Vora asked to be

supervised by Assistant Principal Nam rather than Hernandez.  (Id. ¶ 20)  Defendants granted her

request on March 4, 2022, but revoked the reasonable accommodation "[s]hortly [there]after,"

stating that Vora would report to Assistant Principal King.  (Id. ¶¶ 2, 21)  Vora says that, as a

result of the revocation of the reasonable accommodation, her "generalized anxiety disability"

has been "exacerbated."  (Id. ¶ 27; see also id. ¶ 24 (complaining that Plaintiff is "still being

forced to work with and get observed by [Assistant Principal King, an English teacher] who has

no background in science"))

Judge Aaron concludes that Plaintiff has not "plausibly allege[d] that she is a

person with a disability under the ADA."  (R&R (Dkt. No. 43) at 28)  The ADA requires that a

plaintiff allege facts as to how her "physical or mental impairment" "substantially limits one or

more major life activities."  Hamilton v. Westchester County, 3 F.4th 86, 92 (2d Cir. 2011)

While Plaintiff claims that she suffers from "generalized anxiety disorder" (Cmplt. Addendum

(Dkt. No. 1) ¶ 27), she does not allege that her condition "'significantly restrict[s] . . . [her]

ability to perform either a class of jobs or a broad range of jobs in various classes as compared to

the average person having comparable training, skills and abilities.'"  Byfield v. New York City

Dep't of Education, No. 22-CV-05869 (KPF), 2023 WL 8435183, at *7 (S.D.N.Y. Dec. 5, 2023)

(quoting Muller v. Costello, 187 F.3d 298, 312 (2d Cir. 1999)).  Instead, Plaintiff merely asserts

that she cannot work with Assistant Principal Hernandez.  This Court agrees with Judge Aaron

that Vora's claim that she cannot or would prefer not to work with Assistant Principal Hernandez

is "not the sort of substantial impairment to [P]laintiff's ability to work, or engage in any other

major life activity, contemplated by the ADA."  Shields v. NYC Health & Hosps. Corp., 489 F.

Supp. 3d 155, 164 (E.D.N.Y. 2020) (dismissing plaintiff's claim that "his purported disabilities

prevented him from working with [two supervisors]").  Because Plaintiff has not pled facts

sufficient to demonstrate that she suffers from a disability within the meaning of the ADA and

Rehabilitation Act, her disability discrimination claims will be dismissed.

    **C.**    **Retaliation Claims**

        To make out a prima facie case of retaliation under Title VII, Section 1983, the

NYSHRL, the NYCHRL, the ADA, and the Rehabilitation Act, a plaintiff must allege facts that

show "'(1) participation in a protected activity; (2) that the defendant knew of the protected

activity; (3) an adverse employment action; and (4) a causal connection between the protected

activity and the adverse employment action.'"[6] Littlejohn, 795 F.3d at 316 (quoting Hicks v.

Baines, 593 F.3d 159, 164 (2d Cir. 2010)) (addressing standard for retaliation claims under Title

VII, Section 1983, and the NYSHRL); United States v. N.Y.C. Dep't of Educ., 407 F. Supp. 3d

365, 402 & n.17 (S.D.N.Y. 2018) (applying same analysis to retaliation claims under the

NYCHRL, but explaining that "the plaintiff's burden is generally reduced under the NYCHRL"

with respect to what constitutes an "adverse employment action" and the degree of causal

---

[6] In the context of a retaliation claim, an "adverse employment action" is "any action that 'could
well dissuade a reasonable worker from making or supporting a charge of discrimination.'"
Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 90 (2d Cir. 2015) (quoting Burlington N.
& Santa Fe Ry. Co. v. White, 548 U.S. 53, 57 (2006)).  The adverse action at issue "need not
affect the terms and conditions of a plaintiff's employment."  Fincher v. Depository Tr. &
Clearing Corp., 604 F.3d 712, 720 n.6 (2d Cir. 2010).

connection); Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002) (applying same analysis to retaliation claims under the ADA and Rehabilitation Act).

"Protected activity" for purposes of a retaliation claim is "'action taken to protest or oppose statutorily prohibited discrimination.'" Natofsky v. City of New York, 921 F.3d 337, 354 (2d Cir. 2019) (quoting Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000)). "Complaining about general unfairness, unaccompanied by any indication that plaintiff's protected class status caused the unfairness, does not qualify as protected activity." Batiste v. City Univ. of N.Y., 16-CV-3358 (VEC), 2017 WL 2912525, at *10 (S.D.N.Y. July 7, 2017) (citing, inter alia, Rojas v. Roman Cath. Diocese of Rochester, 660 F.3d 98, 107-08 (2d Cir. 2011)).

Judge Aaron concludes that the Complaint does not plead facts sufficient to make out a prima facie case of retaliation under Section 1983, Title VII, the NYSHRL, the NYCHRL, the ADA, or the Rehabilitation Act.  (R&R (Dkt. No. 43) at 26, 30, 39)

### 1.   **Section 1983, Title VII, NYSHRL, and NYCHRL Claims**

Vora claims that she suffered retaliation under Section 1983, Title VII, the NYSHRL, and the NYCHRL because of her complaints (1) at a October 22, 2021 teachers' union meeting about race discrimination at the School; (2) at internal meetings about COVID-19 policies; (3) in a March 23, 2022 email to School administrators regarding "non-transparent[]" hiring decisions; and (4) in an October 28, 2021 email to Principal Erickson, in which she states that she feels "racially and ethnically targeted." (See Cmplt. Addendum (Dkt. No. 1) ¶¶ 16, 33; NYSDHR Cmplt. (Dkt. No. 1) at 28 ¶ 20; Pltf. Opp. (Dkt. No. 36) at 33)

Judge Aaron concludes – as to these allegations – that Plaintiff has not adequately alleged that she engaged in "protected activity," not pled facts demonstrating that Defendants were aware of her alleged protected activity, or not shown temporal proximity between her

alleged protected activity and the alleged adverse employment action.  (R&R (Dkt. No. 43) at

24-25)  To adequately plead a retaliation claim, a plaintiff must allege facts demonstrating that

the defendant was on notice that the plaintiff had "protest[ed] or oppose[d] statutorily prohibited

discrimination."  Natofsky, 921 F.3d at 354 (quotation marks and citation omitted); see Rojas,

660 F.3d at 107-08 ("'[I]mplicit in the requirement that the employer have been aware of the

protected activity is the requirement that it understood, or could reasonably have understood, that

the plaintiff's [complaint] was directed at conduct prohibited by Title VII.'") (emphasis in

original) (quoting Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 292 (2d Cir.

1998)).

      Plaintiff's complaints about COVID-19 policies and "non-transparent" hiring

decisions present "workplace difficulties entirely consistent with non-race [and non-national-

origin]-based . . . disputes that are plainly not actionable under statutes intended to root out

discrimination on the bases of certain statutorily defined protected characteristics."  Williams v.

Time Warner Inc., No. 09 Civ. 2962 (RJS), 2010 WL 846970, at *4 (S.D.N.Y. Mar. 3, 2010),

aff'd, 440 F. App'x 7 (2d Cir. 2011).

      As to the teachers' union meeting, Plaintiff claims that at that meeting she

complained that "Acting Principal Erickson's behavior has been targeted towards teachers of

color and is punitive in nature."  (Cmplt. Addendum (Dkt. No. 1) ¶¶ 15-16; see also NYSDHR

Cmplt. (Dkt. No. 1) at 28 ¶ 20)  Assuming arguendo that Plaintiff's remarks at the teachers union

meeting constitute protected activity, she has not alleged that "her supervisor[s] were aware" that

she made these comments.  See Smith v. City of New York, No. 12 Civ. 3250 (JMF), 2013 WL

1903856, at *5 (S.D.N.Y. May 8, 2013) (dismissing Title VII retaliation claim because plaintiff

did not allege that employer had knowledge of plaintiff's protected activity).

In Plaintiff's October 28, 2021 email to Principal Erickson – with a cc to Superintendent Rotondo – she states that she "felt racially and ethnically targeted by [Erickson]." (Pltf. Opp. (Dkt. No. 36) at 33)  According to Plaintiff, as a result of this email, "Defendants revoked [her] reasonable accommodation" "shortly after" March 4, 2022.  (Id. at 33-34; Cmplt. Addendum (Dkt. No. 1) ¶¶ 20-21)  Assuming arguendo that the October 28, 2021 email constitutes protected activity, the more than four month gap between the email and the alleged retaliatory action – the revocation of her reasonable accommodation – is too long to permit an inference of retaliatory animus.  See Wilson v. JPMorgan Chase Bank, N.A., No. 20-CV-4558 (JMF), 2021 WL 918770, at *7 (S.D.N.Y. Mar. 10, 2021) ("[D]istrict courts in this Circuit have generally held that an interval of two to three months is too long to support an inference of causation, even under the NYCHRL.") (collecting cases); De Figueroa v. New York, 403 F. Supp. 3d 133, 157 (E.D.N.Y. 2019) ("There is no firm outer limit to the temporal proximity required, but most courts in the Second Circuit have held that a lapse of time beyond two or three months will break the causal inference."); Graham v. Macy's, Inc., No. 14-CV-3192 (PAE), 2016 WL 354897, at *23 (S.D.N.Y. Jan. 28, 2016) ("[C]ourts in this Circuit generally hold that a gap longer than two months severs the inferred causal relationship."), aff'd, 675 F. App'x 81 (2d Cir. 2017); Ragin v. E. Ramapo Cent. Sch. Dist., No. 05 Civ. 6496 (PGG), 2010 WL 1326779, at *24 (S.D.N.Y. Mar. 31, 2010) ("[M]any courts in this circuit have held that periods of two months or more defeat an inference of causation.").

Even under the more liberal standards of City and State law, Vora's retaliation claims fail.  See Harris v. NYU Langone Med. Ctr., No. 12 Civ. 0454 (RA) (JLC), 2013 WL 3487032, at *27 (S.D.N.Y. July 9, 2013) ) (dismissing NYCHRL claims because plaintiff "has not sufficiently alleged that she engaged in any protected activity"), report and recommendation

adopted as modified, No. 12 Civ. 0454 (RA), 2013 WL 5425336 (S.D.N.Y. Sept. 27, 2013); see also Harriram v. Fera, No. 21 Civ. 3696 (RA), 2023 WL 2647856, at *9 (S.D.N.Y. Mar. 27, 2023) (dismissing NYCHRL retaliation claims where, inter alia, "plaintiff [did] not allege . . . that [defendant] was aware of any of [her] complaints"); Wilson, 2021 WL 918770, at *7 (dismissing NYCHRL claim because plaintiff has not alleged a "causal connection between the employee's protected activity and the employer's challenged conduct") (citing Melman v. Montefiore Med. Ctr., 98 A.D.3d 107, 129 (1st Dept. 2012)).

Accordingly, Plaintiff's Section 1983, Title VII, NYSHRL, and NYCHRL retaliation claims will be dismissed.

### 2. ADA and Rehabilitation Act Retaliation Claims

Although Vora has not adequately alleged a disability under the ADA or the Rehabilitation Act, her retaliation claims under these statutes may survive a motion to dismiss so long as she had a "good faith, reasonable belief that the underlying challenged actions of the employer violated [the ADA or the Rehabilitation Act]." Sarno v. Douglas Elliman-Gibbons & Ives, Inc., 183 F.3d 155, 159 (2d Cir. 1999) (quotation marks omitted).

Vora alleges that Principal Erickson revoked her requested accommodation – reporting to Assistant Principal Nam rather than Assistant Principal Hernandez – in "retaliat[tion]" for Vora's March 23, 2022 email expressing concern about internal hiring policies and "non-transparent[]" "reorganiz[ation]." (Cmplt. Addendum (Dkt. No. 1) ¶ 22)

To the extent that Vora alleges that her March 23, 2022 email to the School administrators constitutes protected activity, this Court disagrees. The email does not "put the employer on notice that the plaintiff believed that [disability] discrimination [or any other form of unlawful discrimination] was occurring." Hernandez v. Int'l Shoppes, LLC, 100 F. Supp. 3d 232, 267 (E.D.N.Y. 2015).

And while Vora's January 6, 2022 and February 28, 2022 letters to

Superintendent Rotondo requesting a reasonable accommodation constitute protected activity,

see Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 149 (2d Cir. 2002), the "denial of

a request for an accommodation cannot [itself] constitute an adverse employment action such as

that required to form the basis of a retaliation claim [under the ADA or the Rehabilitation Act]."

Adams v. Delta Airlines, Inc., No. 16-CV-1986 (KAM) (LB), 2018 WL 1532434, at *5 n.8

(E.D.N.Y. Mar. 29, 2018); see also Gomez v. Laidlaw Transit, Inc., 455 F. Supp. 2d 81, 90 (D.

Conn. 2006) ("Requesting accommodation inevitably carries the possibility that the employer

will not honor the request.  If the prospect that an employer might not honor the request would

deter a reasonable employee from even making the request, reasonable employees would not

request accommodation.  For this reason, a failure to accommodate cannot constitute retaliation

for an employee's request for accommodation.").

Accordingly, Vora's retaliation claims under the ADA and the Rehabilitation Act

will be dismissed.

**D.     Remaining Claims**

As discussed above, Vora has not objected to those portions of the R&R

recommending dismissal of her (1) Title VII, ADA, and Rehabilitation Act claims against

Principal Erickson and Superintendent Rotondo; (2) Section 1983 claim against the DOE and

Principal Erickson and Superintendent Rotondo in their official capacities; (3) NYSHRL and

NYCHRL claims against the DOE and Superintendent Rotondo to the extent that she has not

pled compliance with the notice of claim statute, N.Y. Educ. Law § 3813; (4) NYCHRL claims

against the DOE and Superintendent Rotondo to the extent that they rely on discrete

discriminatory acts that took place before December 24, 2021; and (5) NYSHRL claims against

the DOE and Superintendent Rotondo to the extent that they rely on acts that took place before August 8, 2021.

As an initial matter, Judge Aaron correctly notes that Title VII, the ADA, and the Rehabilitation Act do not impose liability on individuals.  (See R&R (Dkt. No. 43) at 12, 26 ("Plaintiff does not dispute that the individually named defendants are not liable under Title VII, the ADA, or the Rehabilitation Act") (citing Pltf. MTD Opp. (Dkt. No. 36) at 16); id. at 39 (noting that amending "Title VII, ADA, or Rehabilitation Act claims against the Individual Defendants . . . would be futile"))  Accordingly, claims against Principal Erickson and Superintendent Rotondo under these statutes will be dismissed without leave to amend.  See Mandell v. Cnty. of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003) ("[U]nder Title VII[,] individual supervisors are not subject to liability."); Harris, 572 F.3d at 68 ("[T]he ADA and Rehabilitation Act accommodation claims . . . do not provide for individual liability.").

As to Monell liability, Judge Aaron correctly finds that Vora's Section 1983 claims against the DOE, and against Principal Erickson and Superintendent Rotondo in their official capacities, fail.  (R&R (Dkt. No. 43) at 10-11)  The Complaint does not plausibly allege a policy, custom, or practice – or a decision by a policymaker – that could give rise to Monell liability.  See Jones v. Town of East Haven, 691 F.3d 72, 81 (2d Cir. 2012) ("[I]solated acts . . . by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability.").

As to Vora's NYSHRL and NYCHRL claims against the DOE and Superintendent Rotondo, Judge Aaron correctly states that Vora "must plausibly allege in the Complaint that she has met . . . [N.Y. Educ. Law] § 3813 requirements, including [that the NYSDHR complaint was] serv[ed] upon the proper entity." (R&R (Dkt. No. 43) at 31-32)

25

Because Vora's NYSDHR complaint may satisfy the notice of claim requirement, her NYSHRL and NYCHRL claims will be dismissed with leave to amend.

As to the statute of limitations applicable to these claims, Judge Aaron finds that the claims are generally "subject to a one-year statute of limitations."[7]  (R&R (Dkt. No. 42) at 32 (citing N.Y. Educ. Law. § 3813(2-b))  The one-year statute of limitations is applied to school officers, such as "member[s] of a board of education," "superintendent[s] of schools," or "other elective or appointive officer[s] in a school district whose duties generally relate to the administration of affairs connected with the school system." N.Y. Educ. Law § 2(13).  Vora filed the Complaint on December 24, 2022.  (Cmplt. (Dkt. No. 1) at 7)

Judge Aaron correctly concludes that Vora's NYCHRL claims against the DOE and Rotondo are time-barred to the extent that they are based on discrete discriminatory actions that took place before December 24, 2021.  (R&R (Dkt. No. 43) at 33)

As to Vora's NYSHRL claims against DOE and Rotondo, filings with the NYSDHR toll the one-year statute of limitations under the NYSHRL.  See Riccardo v. New York City Dep't of Educ., No. 16 Civ. 4891 (LAK) (JCF), 2016 WL 7106048, at *7-8 (S.D.N.Y. Dec. 2, 2016), report and recommendation adopted sub nom. United States v. New York City Dep't of Educ., No. 16-CV-4291 (LAK), 2017 WL 57854 (S.D.N.Y. Jan. 4, 2017).  Vora filed her NYSDHR complaint on June 20, 2022, and the EEOC issued its "right to sue" letter 138 days letter, on November 5, 2022.  (See Cmplt. (Dkt. No. 1) at 6)  The statute of limitations was tolled

---

[7]  Vora's claims against Principal Erickson "are subject to a three-year statute of limitations." (R&R (Dkt. No. 43) at 32 (citing Rettino v. New York City Dep't of Educ., No. 19-CV-5326 (JGK), 2020 WL 4735299, at *4 (S.D.N.Y. Aug. 14, 2020)) ("The statute of limitations period for NYSHRL and NYCHRL claims against individuals who are not school officers is three years.")) Given that the Complaint cites conduct of Principal Erickson that took place in or after February 2020, Judge Aaron correctly finds that Plaintiff's claims against Erickson are timely. (Cmplt. Addendum (Dkt. No. 1) ¶ 4; see R&R (Dkt. No. 43) at 33)

during that time.  See Riccardo, 2016 WL 7106048, at *7 (tolling statute of limitations on

plaintiff's NYSHRL claims during the pendency of his NYSDHR complaint).

   In sum, Judge Aaron correctly concludes that Vora's NYSHRL claims against the

DOE and Superintendent Rotondo are time-barred to the extent that they are based on conduct

that occurred prior to August 8, 2021.  (R&R (Dkt. No. 43) at 33-34)

  **E.**  **Leave to Amend**

   Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend should be

"freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  District courts "ha[ve]

broad discretion in determining whether to grant leave to amend."  Gurary v. Winehouse, 235

F.3d 792, 801 (2d Cir. 2000).  "When a liberal reading of [a pro se] complaint gives any

indication that a valid claim might be stated," the complaint "should not be dismissed without

granting leave to amend at least once."  Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir.

2009) (citations omitted).

   Leave to amend may properly be denied, however, in cases of "'undue delay, bad

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, futility of amendment, etc.'"  Ruotolo v. City of New York, 514 F.3d 184, 191

(2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); see Terry v. Inc. Vill. of

Patchogue, 826 F.3d 631, 633 (2d Cir. 2016) ("Although district judges should, as a general

matter, liberally permit pro se litigants to amend their pleadings, leave to amend need not be

granted when amendment would be futile.").

   Here, amendment would be futile as to Vora's (1) Title VII, ADA, and the

Rehabilitation Act claims against Principal Erickson and Superintendent Rotondo, because the

statutes do not provide for individual liability; (2) NYCHRL claims against the DOE and

Superintendent Rotondo based on conduct occurring before December 24, 2021, because the claims are time-barred; (3) NYSHRL claims against the DOE and Superintendent Rotondo based on conduct occurring prior to August 8, 2021, because the claims are time-barred; and (4) Title VII claims based on Vora's allegation that she was denied a promotion to dean based on her race or South Asian origin, because the claims are procedurally barred.

As to Vora's remaining claims, leave to amend is granted, because it is not clear that any amendment would be futile.

## CONCLUSION

For the reasons stated above, Plaintiff's objections to Judge Aaron's R&R are overruled, the R&R (Dkt. No. 43) is adopted in its entirety, and Defendants' motion to dismiss is granted.

Vora's (1) Title VII, ADA, and the Rehabilitation Act claims against Principal Erickson and Superintendent Rotondo; (2) NYCHRL claims against the DOE and Superintendent Rotondo based on conduct occurring before December 24, 2021; (3) NYSHRL claims against the DOE and Superintendent Rotondo based on conduct occurring prior to August 8, 2021; and (4) Title VII claims based on Vora's allegation that she was denied a promotion to dean based on her race or South Asian origin, are dismissed without leave to amend.

Vora's remaining claims are dismissed with leave to amend. Any amended complaint is to be filed by **April 5, 2024**.

The Clerk of Court is directed to terminate the motions (Dkt. Nos. 14, 28).

Dated: New York, New York
        March 14, 2024

SO ORDERED.

Paul G. Gardephe
United States District Judge